# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAURA F. CORSI, (a/k/a LAURA F. ROMFH) | ) | Civil Action No.:  3:26-cv-000895-KM |
| Plaintiff, | ) | |
| v. | ) | |
| ENGLISH RIDING SUPPLY, INC., ERS EQUISTRIAN, INC., ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (No. 3563640), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (No. 3092814), ENGLISH RIDING SUPPLY, LLC, a Delaware Limited Liability Company (6413166), ENGLISH RIDING SUPPLY, LLC, a Pennsylvania Limited Liability Company (7425042), ENGLISH RIDING SUPPLY HOLDINGS (64131080), a Delaware Limited Liability Company, and NCK CAPITAL, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## THE LLC DEFENDANTS' MOTION TO SET DEADLINE FOR RESPONSE TO AMENDED COMPLAINT, FOLLOWING § 1404 TRANSFER TO THIS JUDICIAL DISTRICT, AND TO CONTINUE CASE MANAGEMENT CONFERENCE

Defendants English Riding Supply, LLC (No. 6413166) ("ERS"), English Riding Supply Holdings, LLC (No. 64131080) ("Holdings"), and NCK Capital, LLC ("NCK"), by and through their undersigned counsel, hereby submit this Motion to Set Deadline for Response to Amended Complaint, Following § 1404 Transfer to

4935-6531-7542 v.1

this Judicial District, and to Continue Case Management Conference ("CMC"), and in support thereof state as follows:

1. Plaintiff Laura F. Corsi (a/k/a Laura F. Romfh) ("Plaintiff") initiated this action with the filing of a Complaint in the United States District Court for the Central District of California on March 13, 2025, in Case No. 2:25-cv-02238-DMG-KES (ECF 1) against eight named Defendants, including ERS, Holdings, and NCK (collectively, the "LLC Defendants").[1]

2. Following Plaintiff's filing of her First Amended Complaint ("FAC") on June 12, 2025 (ECF 48), the LLC Defendants and Old ERS filed separate motions to dismiss. Old ERS filed a motion on July 2, 2025 to dismiss the FAC for lack of personal jurisdiction and improper venue. *See* ECF 59. Similarly, the LLC Defendants moved to dismiss the FAC for lack of personal jurisdiction, improper venue, forum *non conveniens*, and failure to state a claim. *See* ECF 60. Alternatively, both motions sought to transfer the action from the Central District of California to the Middle District of Pennsylvania. *See* ECF 59-60.

---

[1] Only five of the eight named Defendants have appeared in this case: the three LLC Defendants as well as English Riding Supply, Inc. and "ERS Equistrian [sic], Inc." (collectively, "Old ERS"). The other three defendants are all named "English Riding Supply, LLC" but one is a Delaware Limited Liability Company with a lower file number (No. 3563640) than ERS and the other two are allegedly organized in Pennsylvania (Nos. 3092814 and 7425042).

3.      By Order dated March 31, 2026, the Honorable Dolly M. Gee granted both motions to dismiss in part and transferred this action in its entirety pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Middle District of Pennsylvania (the "Transferee Court").  *See* ECF 75, pp. 14-15.  The Order further provided that, "[t]o the extent they are not otherwise addressed herein, the motions to dismiss are denied as moot."  *Id.,* p. 15.

## I.    Request to Set Deadline for Defendants to Respond to FAC.

4.      The instant action was docketed in the Transferee Court on April 7, 2026.  Neither the Transferee Court nor the United States District Court for the Central District of California ("Transferor Court") has provided a deadline for the LLC Defendants or Old ERS to file a responsive pleading or dispositive motion in response to the FAC.

5.      The undersigned counsel has reached out to counsel for Plaintiff and counsel for Old ERS in an effort to reach agreement as to a deadline for Defendants to respond to the FAC.  Counsel for Plaintiff, Katie Charleston, Esq., advised in an email on April 20, 2026 that her client will need to retain Pennsylvania counsel to proceed.  As such, she stated that she takes no position on the LLC Defendants' request to set a deadline for their response to the FAC.  On April 27, 2026, counsel for the LLC Defendants sent Ms. Charleston a follow-up email to advise her of the upcoming CMC and to ascertain her position on the additional request to continue

the CMC.  On April 28, 2026, Ms. Charleston advised by email that Plaintiff takes no position as to either request.

6.      Similarly, counsel for Old ERS has not yet entered an appearance in the Transferee Court.  Counsel for the LLC Defendants contacted counsel of record in the Transferor Court, and was advised in an email on April 27, 2026 that new counsel will represent Old ERS in the Transferee Court.  Accordingly, to allow for additional time to obtain new counsel, Old ERS consented to this Motion.

7.      Given Plaintiffs' and Old ERS' need to retain counsel admitted in the Transferee Court, and based on ongoing settlement discussions between the parties, the LLC Defendants respectfully request that the Court enter an Order setting a deadline of 60 days from the filing of this Motion, or by Monday, June 29, 2026, for Defendants to file a responsive pleading or dispositive motion in response to the FAC.

## II.    Request to Continue CMC Pending Appearance of Counsel for Plaintiff.

8.      On April 21, 2026, this Court issued a Scheduling Order in accordance with Fed. R. Civ. P. 16(b) and Local Rule 16.1 setting a CMC for May 14, 2026.  *See* ECF 78.  The CMC was later rescheduled until May 22, 2026.  *See* ECF 79.

9.      In accordance with Local Rule 16.3(a), counsel for the parties are required to meet and confer at least fourteen (14) days before the CMC, or by May 8, 2026.  Further, counsel for plaintiff is responsible for arranging the conference, and

- 4 -

the parties must file their joint case management plan at least 5 days prior to the conference, or by May 15, 2026.

10.    As explained, Defendants have not yet filed a responsive pleading or dispositive motion in response to the FAC.  The LLC Defendants filed a Motion to Dismiss in the Transferor Court on multiple bases, including that Plaintiff failed to state a claim upon which relief could be granted.  By transferring pursuant to § 1404, the Transferor court did not reach the LLC Defendants' arguments under Rule 12(b)(6).  In addition, the LLC Defendants understand that Plaintiff and Old ERS are currently securing counsel admitted in this judicial district, and the parties are currently discussing potential settlement.

11.    Accordingly, the LLC Defendants respectfully request that the Court continue the CMO indefinitely, or for at least 60 days from the current date, *i.e.,* or after July 21, 2026, to allow Defendants to file dispositive motions or responsive pleadings, for the parties to continue settlement discussions, and to permit counsel for Plaintiff and Old ERS to secure counsel admitted in this judicial district.

**WHEREFORE**, Defendants English Riding Supply, LLC (No. 6413166), English Riding Supply Holdings, LLC (No. 64131080), and NCK Capital, LLC respectfully request that this Honorable Court enter an Order granting its Motion, setting a deadline of June 29, 2026, for Defendants to file a responsive pleading or

dispositive motion in response to the FAC, and continuing the CMC until further Order of Court, or at least until or after July 21, 2026.

A proposed Order is attached.

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

*/s/ Megan E. Farrell*
Megan E. Farrell (PA I.D. No. 76972)
Benjamin Sitter (PA I.D. No. 317382)
One PPG Place, Suite 3200
Pittsburgh, PA 15222
(412) 730-4050
*megan.farrell@nelsonmullins.com*
*ben.sitter@nelsonmullins.com*

*Counsel for Defendants English Riding Supply, LLC, a Delaware Limited Liability Company (6413166), English Riding Supply Holdings, LLC, and NCK Capital, LLC*